UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                          SOUTHERN DIVISION


GUY SALLIS,

                Petitioner,                Case Number: 2:10-CV-12156

v.                                          HONORABLE STEPHEN J. MURPHY, III

PEOPLE OF THE STATE OF MICHIGAN,

                Respondent.
_____/

## **OPINION AND ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE**

Petitioner Guy Sallis has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Sallis, presently incarcerated at the Cooper Street Correctional Facility, asserts that he is being held in violation of his constitutional rights. Sallis was convicted of one count of first-degree criminal sexual conduct and two counts of second-degree criminal sexual conduct following a jury trial in Wayne County Circuit Court. The Court concludes that Sallis has not properly exhausted his state court remedies and dismisses without prejudice the habeas corpus petition.

## I.  BACKGROUND

Sallis' convictions arise from the sexual assault of his step-daughter. Following his convictions and sentencing, Sallis filed an appeal of right in the Michigan Court of Appeals, raising the following claims:

    I.      The admission of 404(b) testimony regarding the alleged prior wrongful sexual conduct denied him a fair trial.

    II.     He was denied a fair trial by the admission of improper opinion testimony.

> III. He is entitled to resentencing on the second-degree criminal sexual conduct counts because the wrong guidelines sentencing grid was used at sentencing.
>
> IV. He is entitled to a new trial where the prosecutor impermissibly vouched for the credibility of prosecution witnesses and elicited impermissible opinion testimony from prosecution witnesses.

The Michigan Court of Appeals affirmed Sallis' convictions and sentences. *People v. Sallis*, No. 267261 (Mich. Ct. App. April 17, 2007). Sallis filed an application for leave to appeal in the Michigan Supreme Court raising the same four claims. Leave to appeal was denied. *People v. Sallis*, 480 Mich. 950, 741 N.W.2d 317 (Mich. Nov. 29, 2007).

Sallis then filed his first habeas corpus petition seeking relief on the following claims: (1) the prosecutor knowingly used perjured testimony at trial, (2) the prosecutor engaged in misconduct by emphasizing prior bad acts, (3) the prosecutor engaged in misconduct by bolstering the victim's testimony, (4) the prosecutor impermissibly elicited opinion testimony from prosecution witnesses, and (5) the prosecutor impermissibly vouched for the credibility of prosecution witnesses. The Court granted respondent's motion to dismiss because Sallis failed to properly exhaust his state court remedies for the first two of his five habeas claims. *See* Opinion and Order Granting Respondent's Motion and Dismissing Without Prejudice the Petition for Writ of Habeas Corpus, No. 2:08-cv-14743, 7/13/09.

Sallis filed a complaint for habeas corpus in the Michigan Court of Appeals. The Michigan Court of Appeals denied relief. *In re Sallis*, No. 295981 (Mich. Ct. App. March 11, 2010). Sallis' application for leave to appeal to the Michigan Supreme Court was rejected for filing because it was not timely filed. *See* Letter from Inger Z. Meyer, Deputy Clerk, Michigan Supreme Court, 4/26/10.

Sallis signed the pending habeas petition on May 20, 2010, and it was filed on June 1, 2010. He raises the following claims in this petition: (1) prosecution suppressed material evidence, (2) conviction obtained by knowing use of perjured testimony, and (3) admission of 404(b) evidence violated right to a fair trial.

## II. DISCUSSION

Rule 4, Rules Governing Section 2254 cases, provides that the court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan*, 526 U.S. at 845 (internal quotation omitted). State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of

showing that state court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Sallis' application for leave to appeal the denial of his complaint for state court habeas relief to the Michigan Supreme Court was rejected for filing because it was not timely filed. His claims therefore remain unexhausted because they have not been fairly presented to the Michigan Supreme Court. *Accord Martinez-Santacruz v. Berghuis*, No. 1:07-cv-324, 2007 WL 1859882, * 3 (W.D. Mich.,2007 June 26, 2007) (finding claims not properly exhausted where the Michigan Supreme Court rejected application for leave to appeal because it was not timely filed); *Baldwin v. Stovall*, No. 05-CV-71277, 2006 WL 250264, *2 (E.D. Mich. Jan. 31, 2006) (same).

A process remains through which Sallis may raise his unexhausted claims. Sallis can file a motion for relief from judgment pursuant to Michigan Court Rule 6.500. Sallis may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court, as necessary. Sallis' unexhausted claims should be addressed to, and considered by, the state courts in the first instance.

A federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court to present his perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). The stay-and-abeyance procedure is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern. *Id.* at 277. Stay and abeyance is only appropriate when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies

before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id.*

Petitioner has not shown good cause for failing to exhaust his claims in the state courts before returning to federal court. Although he indicates some confusion about the applicable time limits for filing an application for leave to appeal in the Michigan Supreme Court, he has not explained why he did not file a motion for relief from judgment in the trial court. The Court, therefore, finds a stay is not warranted.

### III. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the court's conclusion that Sallis has failed to fully exhaust his state court remedies. Therefore, the Court will deny a certificate of appealability.

IV.  CONCLUSION

For the reasons stated, the Court **DISMISSES** the petition for a writ of habeas corpus without prejudice and **DENIES** a certificate of appealability.

**SO ORDERED**.


s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated:  August 16, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 16, 2010, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager